# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| IN RE: KRISTEE RAE LANG | CV 14–00041–BLG-SPW-CSO <br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Kristee Rae Lang filed a Complaint on March 25, 2014, but there were no intelligible allegations in the Complaint or in the notes submitted with it. *ECF 2*. Lang was given an opportunity to file an amended complaint and was provided a form for doing so.

On April 11, 2014, Lang submitted a letter to the Clerk of Court explaining that she could not find the appropriate help to fill out the "Judge's papers." *ECF 7*. On April 22, 2014, Lang submitted another letter to the Clerk of the District Court of Montana in which she sought to add Riverstone Health as another defendant "that was allowed to scare [her] or not be responsible for treating [her] improperly." *ECF 8 at 1*. She also discusses attending an event and being scared. She provides no specific allegations against Riverstone Health.

On April 24, 2014, Ms. Lang submitted a letter addressed to the Social Security Administration, the State of Montana and District of Montana Court Clerk, the Health Department, Mental Health Center, and the Billings Clinic. *ECF 9*. On April 29, 2014, Lang submitted another letter addressed to the Clerk of Court. *ECF 10*. None of these letters sets forth specific allegations against an identified defendant.

The Court must complete the screening process mandated by 28 U.S.C. § 1915 and dismiss a pro se complaint before it is served on the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. As set forth in the Court's prior Order, a complaint must set forth the specific facts upon which a plaintiff relies in claiming the liability of each defendant. Fed.R.Civ.P. Rule 8(a)(2). Even a liberal interpretation of a pro se civil rights complaint may not supply essential elements of a claim a plaintiff failed to plead. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Here, there are no named defendants and no identifiable claims. The Court has reviewed Ms. Lang's letters and other filings and can discern no possible federal

cause of action. Her filings provide no meaningful indication about what claims she is trying to bring.

Ms. Lang has failed to state a claim upon which relief may be granted. She was given an opportunity to file an amended complaint and has still failed to present any discernable claim for relief. Further amendment appears futile.

Based on the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that Ms. Lang's filings fail to state a viable claim upon which relief can be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Ms. Lang may file objections to these Findings and Recommendations within 14 days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this the 13th day of May, 2014.

                                            /s/ Carolyn S. Ostby
                                            United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.